(85 Misc. Rep. 125.)

### FISCHER v. CONHAIM et al.

(City Court of New York, General Term.　May, 1901.)

EMPLOYMENT—CONSTRUCTION OF CONTRACT.

Defendants employed plaintiff as foreman for one year at a weekly salary, and a weekly bonus if his services were satisfactory. The contract also provided that he might be discharged at any time if his services were not up to his employers' expectations, in which event he was to receive no bonus. *Held* that, where the foreman remained with his employers until the end of the term, it was sufficient evidence that his services were satisfactory, and entitled him to recovery of the bonus.

Appeal from trial term.

Action by Max Fischer against Joseph Conhaim and others. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal.　Affirmed.

One Max Spiro contracted with the defendants to serve for one year as foreman, at $20 per week. The contract provided: "If your services during the term of this agreement are satisfactory to us, you shall receive, at the expiration of this agreement, a bonus equivalent to the sum of five dollars for each and every week during the term of this agreement; reserving the right to discharge you and terminating this agreement, before its expiration, at any time we think your services are not up to our expectations, in which case you shall not be entitled to any part of the bonus aforesaid mentioned." Spiro worked for one year, but the defendants refused to pay him the bonus.

Argued before FITZSIMONS, C. J., and HASCALL and O'DWYER, JJ.

H. V. Rutherford, for appellants.

Joseph Wilkenfeld (John D. Connolly, of counsel), for respondent.

HASCALL, J.　We think that the court did not err in refusing permission to defendants to testify that Spiro's services were unsatisfactory. The fact that they withheld the bonus or premium upon good service, to the extent of withstanding suit to recover the same, was quite sufficient to show the operation of defendants' minds; and it would be idle now to say that they are dissatisfied, or were so when plaintiff's year of service had expired. Whether or not there was unfaithfulness on plaintiff's part, and whether the masters were or were not willing to overlook alleged breaches of duty in the servant (Gray v. Shepard, 147 N. Y. 177, 41 N. E. 500), seem to have been questions answered by the jury against the defendants in finding that if so committed they were overlooked.

The parties to the contract said, if the services during the agreement "are satisfactory," the employé should receive a bonus, reserv-

ing the right to discharge him at any time when the defendants thought the services "not up to our expectations." Discharge was not made, so that, inferentially, the services were, during the agreement, satisfactory. Conversely, the defendants thought the services were up to their expectations, whether satisfactory or not. They might have expected plaintiff to turn out to be but an indifferent workman, and yet, having the right of discharge at any time reserved, were quite willing to give him a trial. Since the defendants did not exercise this right of discharge and terminate the employment, can they now arbitrarily say that they are not satisfied because the services did not come up to their expectations, and defeat a claim that the jury have found, as a fact, to be just and well founded? We discover no error in the charge delivered by the court below. Judgment and order should be affirmed, with costs.

Judgment and order affirmed, with costs.

FITZSIMONS, C. J., and O'DWYER, J., concur.